# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLARD JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHARON HOGAN and CITY OF )<br>BETHANY, )<br>)<br>Defendants. ) | Case No. CIV-14-277-R |

## ORDER

Before the Court is Defendants' motion for summary judgment on Plaintiff's Complaint. In support of their motion, Defendants argue that collateral estoppel bars Plaintiff's claims against both Defendant Sharon Hogan and Defendant City of Bethany because a prior court has already found that there is probable cause to believe Plaintiff committed the crime of making a lewd or indecent proposal to a child under sixteen. Secondly, Defendants argue that Defendant Hogan is entitled to qualified immunity because Defendant Hogan did not cause plaintiff's confinement or prosecution and her affidavit for arrest was supported by probable cause. Thirdly, Defendants argue that the City of Bethany has no municipal liability because there has been no underlying constitutional violation and there was no custom or policy that could have caused a constitutional violation in this case. Defendants also argue that Plaintiff has no claim under the Oklahoma Constitution because Plaintiff failed to comply with the Governmental Tort Claims Act. Finally, Defendants argue that Plaintiff has no claim under the Oklahoma Constitution because Defendant Hogan's

arrest warrant was supported by probable cause. Plaintiff in response concedes his 42 U.S.C. § 1983 claim against Defendant City of Bethany and also concedes his claims under the Oklahoma Constitution. However, Plaintiff argues that collateral estoppel is not applicable herein because his conviction for making lewd or indecent proposals to a child under sixteen in violation of Okla. Stat. tit. 21, § 1123 (Supp. 2002) was reversed by the Oklahoma Court of Criminal Appeals and because Defendant Hogan signed an affidavit of probable cause with reckless disregard for its truth or falsity. He also argues that Defendant Hogan waived the affirmative defense of collateral estoppel because she failed to plead that defense in her answer. Finally, Plaintiff argues that Defendant Hogan is not entitled to qualified immunity.

Consistent with Plaintiff's concessions, Defendant City of Bethany is entitled to summary judgment on Plaintiff's claims and its motion is GRANTED and Defendant Hogan is entitled to summary judgment on Plaintiff's state constitutional claims and her motion for summary judgment is GRANTED on those claims.

## Collateral Estoppel or Issue Preclusion

First, it is true that Defendant Sharon Hogan failed to allege the affirmative defense of *res judicata* or collateral estoppel. Issue preclusion or collateral estoppel is an affirmative defense that must be pleaded or it is waived. *See* F.R.Civ.P. 8(c); *Direct TV, Inc. v. Barrett*, 341 F.Supp 1143, 1147 (D. Kan. 2004); *Nealis v. Baird*, 996 P.2d 438, 458 (Okla. 1999). Accordingly, the Court finds that Defendant Hogan has waived the affirmative defense of collateral estoppel or issue preclusion. But even if the defense had not been waived, that defense is not applicable herein. When the Oklahoma Court of Criminal Appeals reversed

2

Defendant's conviction for making lewd or indecent proposals to a child under sixteen in violation of Okla. Stat. tit. 21, § 1123, it found that Defendant was guilty of the crime of soliciting a minor for child pornography in violation of Okla. Stat. tit. 21, § 1021(B) (Supp. 2002). It might be said that implicit in that finding was necessarily a finding that there was probable cause to believe that Defendant had committed that crime but it cannot be said that issue was ever actually litigated. *See* Exhibit "7" to Defendant's Brief at p. 76; *see also Durham v. McDonald's Rests. of Oklahoma, Inc.*, 256 P.3df 64, 66-67 (Okla. 2011)(elements of issue preclusion or collateral estoppel); *Oklahoma Dept. of Public Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007)("An issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue."). In any event, however, the Court takes judicial notice of the fact that the Tenth Circuit concluded that convicting Defendant of the offense for which he was neither charged nor tried violated Defendant's due process rights and directed this Court to grant Defendant's petition for a writ of habeas corpus. *See Jackson v. Whetsel*, 388 Fed. Appx. 795 (10th Cir. July 22, 2010)(No. 08-6252). Accordingly, it cannot be said that the issue of probable cause to commit the offense of soliciting a minor for child pornography was actually and necessarily determined.

## **Qualified Immunity**

Plaintiff contends that Defendant Hogan recklessly disregarded the truthfulness of the statement in her Affidavit of Probable Cause (Exhibit "1" to Plaintiff's Brief) that Jackson was the same "Michael" who made eight or nine sexually explicit phone calls to Lacey Perry,

3

who was under the age of sixteen. Actually, the Affidavit of Probable Cause only references Defendant, Plaintiff herein, in the body of the Affidavit but does name Willard Dean Jackson as the party against whom it is directed in the style of the Affidavit. In any event, Defendant did not recklessly disregard whether in fact the "Michael" who made eight or nine phone calls to Plaintiff was in fact Plaintiff Willard Dean Jackson. Plaintiff has admitted the facts stated as undisputed in paragraphs 7 to 14, 16 to 24, 27 to 30 and 32 to 34 of Defendant's "LCvR 56.1 Statement." These facts show that there was more than probable cause to believe that "Michael" was Plaintiff Willard Jackson and that Defendant did not recklessly disregard the truth of whether the "Michael" who called Lacey, the alleged victim, approximately eight times was Plaintiff Willard Jackson. Plaintiff also contends that Defendant recklessly disregarded the truth by 1) assuming the caller was black and 2) failing to take any investigative steps to link Jackson to a crime other than determining that he was present when the call was made from a pay phone and that he sometimes uses the name "catman" online. Plaintiff's admission of the paragraphs of undisputed facts listed above refutes the notion that Defendant recklessly disregarded the truth of whether or not Plaintiff was black or simply "assumed" that Plaintiff was black. Defendant law enforcement officer could reasonably rely on another law enforcement officer's report in preparing an affidavit of probable cause.

It is Plaintiff's burden to show that the Defendant in question caused the deprivation of Plaintiff's constitutional rights. *See e.g., Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008); *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir. 2002). Because it

is undisputed that the Assistant District Attorney, not Defendant, made the decision to prosecute Plaintiff by preparing an Information and presenting that together with the Affidavit of Probable Cause to a judge and the judge's decision to issue an arrest warrant, *see* paragraphs 36 and 37 of Defendant's LcvR 56.1 Statement and Plaintiff's Response admitting these paragraphs; *see also* Declaration of Sarah McAmis (Exhibit "10)' to Defendant's Brief) at ¶¶ 6 & 7, Defendant cannot be said to have caused any violation of Plaintiff's constitutional rights, even if such a violation occurred, an issue which the Court does not reach. Accordingly, Defendant is entitled to qualified immunity on Plaintiff's § 1983 claim for unreasonable seizure and/or malicious prosecution. Alternatively, Defendant is entitled to summary judgment on the issue of causation, part of Plaintiff's burden to establish a § 1983 claim against Defendant. *See, e.g., Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013)(to establish a successful § 1983 claim, causation is required).

In accordance with the foregoing, Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED this 14th day of January, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE